# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARIOUS MICHAEL-MARCEL COLEMAN,

    Petitioner,

v.                                   Case No. 2:15-CV-14143

DUNCAN MACLAREN,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Darious Michael-Marcel Coleman, incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Gerald M. Lorence, Petitioner challenges his conviction for second-degree murder,[1] four counts of assault with intent to commit murder,[2] felon in possession of a firearm,[3] and felony firearm.[4] For the reasons that follow, the petition for writ of habeas corpus will be denied.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This court recites verbatim the relevant facts relied upon by the Michigan Court of

---

[1] Mich. Comp. Laws § 750.317; Mich. Stat. Ann. 28.549.

[2] Mich. Comp. Laws § 750.83; Mich. Stat. Ann. 28.278.

[3] Mich. Comp. Laws § 750.224f; Mich. Stat. Ann. 28.421(6).

[4] Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> At trial, testimony and evidence showed that Coleman had an altercation with five men that he knew from the neighborhood at a gas station. After the altercation, Coleman threatened the men and then walked home. The young men went to a nearby house. Coleman retrieved a semi-automatic rifle from his home and walked back to confront the men. Coleman began to fire on the men, who ran away. Coleman fired as many as 15 shots at the men and killed one of them.
>
> *People v. Coleman*, No. 315099, 2014 WL 2795861, at * 1 (Mich. Ct. App. June 19, 2014).

Petitioner's conviction was affirmed on appeal. *Id.; leave to appeal denied at* 856 N.W.2d 26 (Mich. 2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Informing the jury that the defendant is charged with felon in possession of a weapon violated the defendant's right to be tried by his jury, if he elects not to testify, without his jury knowing of his prior felony conviction and denies the defendant his right to due process and a fair trial pursuant to US Const, Am V.
>
> II. The defendant was denied the right to effective assistance of counsel, thereby denying the defendant his right to due process and a fair trial, pursuant to US Const, Am VI; Const 1963, art 1, sec 20.
>
> III. The prosecution[']s attempt to shift the burden of proof through a plea to the juror's civic duty constituted misconduct which prejudiced the defendant and denied the defendant his due process rights to a fair trial in violation of US Const. Ams. V, XIV, Mich Const 1963, art 1, [sec] 17.

## II. STANDARD

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  DISCUSSION

Because they are intertwined, the court discusses Petitioner's three claims together for judicial clarity.

Petitioner argues in his first claim that his right to due process and a fair trial was violated when the jury was permitted to learn, through a stipulation, that Petitioner had a previous unspecified felony conviction, in order to establish one of the elements of the felon in possession of a firearm charge.  In his second claim, Petitioner argues that trial counsel was ineffective for agreeing to stipulate that Petitioner had a prior felony conviction which made him ineligible to carry or possess a firearm.  In his third claim, Petitioner contends that he was denied a fair trial when the prosecutor committed misconduct by appealing to the jurors' sympathy and their sense of civic duty.

Respondent contends that Petitioner's first claim is waived and procedurally defaulted, his third claim is procedurally defaulted, and his second claim is unexhausted but meritless.

The Michigan Court of Appeals ruled that Petitioner had waived review of his first claim involving the admission into evidence of Petitioner's prior felony conviction because Petitioner's lawyer stipulated that Petitioner was ineligible to carry or possess a fireman because he had a prior felony conviction and agreed that the jury could be instructed on this element. *People v. Coleman*, 2014 WL 2795861, at * 1. (See also Tr. 1/8/13, pp. 17-18).

Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano,* 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464

(1938)).  A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996)(citing *Olano*, 507 U.S. at 733-34).  *See also Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012)("[W]aiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors").  Moreover, a defendant in a criminal case cannot complain of error which he himself has invited. *Shields v. United States*, 273 U.S. 583, 586 (1927).  When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F. 3d 478, 486 (6th Cir. 2001).

The fact that Petitioner did not on the record expressly or affirmatively agree to the stipulation does not alter this analysis. *See United States v. Hicks*, 495 F. App'x. 633, 642-43 (6th Cir. 2012)(defendant's stipulations to the majority of the elements for being a felon in possession of a firearm did not amount to a *de facto* guilty plea requiring evidence that defendant had entered into the stipulations voluntarily and knowingly).  Although certain fundamental rights of a criminal defendant, such as the right to counsel or whether to plead guilty, cannot be waived by counsel without the express, knowing and voluntary consent of the defendant, *see New York v. Hill,* 528 U.S. 110, 114 (2000), for other rights, "waiver may be effected by action of counsel." *Id.*  The Supreme Court has noted that it has "in the context of a broad array of constitutional and statutory provisions, articulated a general rule that presumes the availability of waiver," even when that waiver involves "the most basic rights of criminal defendants." *Hill,* 528 U.S. at 114.  Moreover, "the lawyer has-and must have-full authority to manage the conduct of the trial. . . . Thus, decisions by counsel are

generally given effect as to what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *Hill*, 528 U.S. at 115. Petititioner's stipulation that he had a prior felony conviction that made him ineligible to possess or carry a firearm waives review of his first claim.

In the alternative, Petitioner's first claim is procedurally defaulted because the Michigan Court of Appeals determined that Petitioner's claim had been waived due to Petitioner's stipulation that he had a prior felony conviction that made him ineligible to possess a firearm.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Michigan Court of Appeals concluded that Petitioner had waived his first claim by stipulating that he had a prior felony conviction that made him ineligible to possess a firearm. A state court conclusion that an issue was waived is considered a procedural default. *See e.g. Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012); *see also McKissic v. Birkett,* 200 F. App'x. 463, 471 (6th Cir. 2006). Petitioner's first claim is thus not only waived, but also procedurally defaulted.

Petitioner in his second claim argues that trial counsel was ineffective for agreeing to stipulate that Petitioner had a prior felony conviction. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, that claim itself must be properly exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Petitioner did not argue in his appeal of right before the Michigan Court of Appeals that trial counsel was ineffective for stipulating to the admission of his prior felony conviction. Petitioner raised this claim for the first time in his application for leave to appeal to Michigan Supreme Court.[5] Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present his claim alleging trial counsel's ineffectiveness to the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court in his application for leave to appeal did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006). Further, as Petitioner never properly exhausted any

---

[5] See Dkt. # 5-14.

ineffective assistance of counsel claim regarding the stipulation, such a claim cannot be used to excuse any default of Petitioner's first claim.  Petitioner has failed to show cause to excuse his default.  Finally, since Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue regarding Petitioner's first claim. *Smith v. Murray*, 477 U.S. at 533.

The court also rejects Petitioner's second claim on the merits.  Although Petitioner never properly exhausted this claim, a habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  An unexhausted claim may be addressed if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  In these circumstances, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991).  Because Petitioner's second claim lacks merit, in the interests of efficiency and justice, the court will address the claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's

performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Petitioner contends that trial counsel was ineffective for stipulating that Petitioner had a prior unspecified felony conviction that made him ineligible to possess a firearm. Counsel, however, did not concede in his stipulation that Petitioner possessed a firearm.

The elements of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See*

*Parker v. Renico*, 506 F. 3d 444, 448 (6th Cir. 2007).

As Petitioner himself acknowledges, the United States Supreme Court has held that a criminal defendant in the federal courts should be allowed to stipulate to a prior felony conviction without specifically identifying the nature and type of that conviction. *See e.g., Old Chief v. United States*, 519 U.S. 172 (1997). Such a stipulation is allowed when the name or nature of the prior offense raises the risk that the jury's verdict would be influenced by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction. *Id.*; at 174. Michigan law permits a similar procedure. *See People v. Mayfield,* 562 N.W. 2d 656 (Mich.Ct.App. 1997).

The Sixth Circuit has observed that "factual stipulations to elements of a crime are often the product of a sound trial strategy." *United States v. Monaghan*, 409 F. App'x. 872, 877 (6th Cir. 2011). The Sixth Circuit noted: "For example, where a prior felony conviction is an element of the offense, a sound strategy may be to stipulate to the existence of the conviction rather than allow the jury to hear details about the earlier crime." *Id.* This court concludes that Petitioner has not overcome the presumption that counsel's decision to stipulate that Petitioner had a prior unspecified conviction was part of a sound trial strategy. Petitioner is not entitled to relief on his second claim.

Respondent contends that Petitioner's third claim alleging prosecutorial misconduct is procedurally defaulted because Petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. Finding none, the Michigan Court of Appeals affirmed the conviction.

*People v. Coleman,* 2014 WL 2795861, at * 1-2.

In this case, the Michigan Court of Appeals expressly indicated that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct claim. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's third claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this court should view the Michigan Court of Appeals' review of Petitioner's prosecutorial misconduct claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of Petitioner's third claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's third claim is procedurally defaulted.

Petitioner has not offered any reasons for his failure to object to the prosecutorial misconduct. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue regarding Petitioner's third claim. *Smith v. Murray*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider his first and third procedurally defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default. Thus, a miscarriage of justice will not occur if the court declined to

review the procedurally defaulted claims on the merits. *See Welch v. Burke*, 49 F. Supp. 2d at 1007.

Finally, assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his first and third claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Assistant Attorney General in her answer, Petitioner failed to show that his first and third claims have any merit.

## A Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Likewise, when a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

IT IS ORDERED that Petitioner Darious Michael-Marcel Coleman's petition for writ of habeas corpus [Dkt. # 1] is DENIED.

This court DECLINES to issue a certificate of appealability.

                                                   S/Robert H. Cleland  
                                                   ROBERT H. CLELAND  
                                                   UNITED STATES DISTRICT JUDGE

Dated: August 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2016, by electronic and/or ordinary mail.

                                               S/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522